## Patrick Duffy et al. v. The People.

1. WITNESSES—*Credibility of—Disadvantage of the Appellate Court.*— The Appellate Court is at a disadvantage in passing upon the credibility of evidence as compared with the trial court, which has the witnesses before it, where their demeanor upon the witness stand as well as their oral testimony are elements throwing light upon their credibility.

**Indictment for an Assault, etc.**—Appeal from the Criminal Court of Cook County ; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

C. PORTER JOHNSON and CHAS. B. STAFFORD, attorneys for appellants.

CHARLES S. DENEEN, State's Attorney, for appellee; BEN. M. SMITH and W. S. ELLIOTT, JR., of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellants, Patrick Duffy and John Keim, were indicted with one Ole Oleson in the Criminal Court of Cook County for an alleged assault with intent to kill made upon one Henry Hornburg. A jury was waived by the defendants, Duffy and Keim, and the issue submitted to the court. Oleson has never been arrested. The court found the appellants guilty, and sentenced [them to the county jail, each for the term of ninety days, and to pay fines of fifty dollars and costs.

It is urged that the finding is not justified by the evidence. The complaining, witness, Hornburg states that as he was proceeding homeward upon a South Halsted street car, and about to alight therefrom, near Thirty-first street, some one, who he afterward said was Keim, grabbed him from behind, pushed him from the car, jumped after him and seized him; that he was then, while thus held by Keim, struck by Duffy, who, with Oleson, had jumped from the rear end of the same car; that he was struck by both Keim and Duffy before he succeeded in breaking loose, while Oleson stood by and encouraged them, calling out: "Hit the son of a bitch another one for me;" that when Hornburg called for help, Keim called out to a fireman, who showed a disposition to interfere, "Hold on! it is nothing but a dirty scab, and I am going to finish him." It appears that at the time of the assault there was a strike in progress among workingmen engaged in the trade pursued by the parties.

The main question raised by the appellants' attorney is the correctness of the identification. It is also urged that there was no motive for the assault on the part of these defendants, and that the testimony establishes an alibi in their behalf.

Hornburg's testimony is to the effect that he had worked a long time in the same shop with the defendants, and knew them well. His testimony is clear and positive that he identified them not only by their faces, but by their voices as well, and that he saw them by the light of an electric arc light close by. As to defendant Keim there is also evidence that at the time of his arrest a conversation occurred between him and his principal witness which tends to indicate that they were both aware of his participation in the assault.

It is urged that there is no evidence against Duffy but the testimony of the complaining witness. There is direct conflict. Hornburg swears that Duffy was present and struck him, which Duffy denies. Neither is corroborated by evidence entitled to much weight. It is especially a case where an Appellate Court is at a disadvantage in passing upon the credibility of evidence as compared with the trial court, which had the witnesses before it, where their demeanor upon the witness stand, as well as their oral testimony, were elements throwing light upon their credibility.

It is urged that Hornburg was mistaken as to Oleson's presence, and hence was mistaken as to the others. It is by no means proven that Oleson was not present, and that argument is therefore without force. We have carefully considered the entire case and can find no sufficient reason to justify our interference, neither for lack of motive nor because of the effort to establish an alibi.

The judgment of the Criminal Court must be affirmed.